## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,               CASE NO. 10-20198-D2
                                  HON. DENISE PAGE HOOD

v.

CHRISTOPHER LOUIS RICHARDSON-D2,

      Defendant.

_____/

## ORDER DENYING DEFENDANT'S
## MOTION FOR COMPASSIONATE RELEASE FROM CUSTODY
## PURSUANT TO 18 U.S.C. § 3582,
## DENYING MOTION TO FIX SENTENCE,
## and
## MOOTING EMERGENCY MOTIONS FOR RULING

## I.     INTRODUCTION

This matter is before the Court on Defendant Christopher Louis Richardson's

Motion for Compassionate Release from Custody pursuant to 18 U.S.C. § 3582. (ECF

No. 219, 2/7/21)   The Government filed a response.   (ECF No. 225, 3/11/21)

Richardson also filed a *pro se* Motion to Fix Sentence (ECF No. 197, 1/28/20) (and

several letters), along with Emergency Motions for Ruling on Compassionate Release.

(ECF Nos. 239, 240)

On September 13, 2011, pursuant to a Rule 11 Plea Agreement, Richardson

pled guilty to Car Jacking, in violation of 18 U.S.C. § 2119(a)(2) (Count 7), Use of

a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §

924(c) (Count 9), and Felon in Possession of a Firearm, in violation of 18 U.S.C. §

922(g)(1) (Count 12).  (ECF No. 115, PageID.480 and ECF No. 150, PageID.1595)

On November 8, 2012, this Court sentenced Richardson to serve 12 months custody

on Counts 7 and 12 (concurrent with each other) and mandatory 84 months custody

on Count 9 (to run consecutive to Counts 7 and 12). (ECF No. 150, PageID.1595)

The guideline range term of imprisonment was 37 to 46 months, in addition to the

mandatory minimum term of imprisonment of 84 months.

Prior to serving his term of imprisonment with the Bureau of Prisons ("BOP"),

Richardson was returned to the custody of the State of Michigan for charges which

arose from the same incident as the federal charges.  Before the imposition of the

federal sentence, Richardson had entered a plea of guilty and was sentenced by the

State on December 20, 2010, for Car Jacking, M.C.L. 750.529A (6 years, 9 months

to 25 years) and Felony Firearms, M.C.L. 750.227BA (2 years).  Richardson was

transferred to federal custody in April 2019, to serve the remainder of his federal

sentence.

On February 7, 2021, Richardson filed a Motion for Compassionate Release

because of the COVID-19 pandemic.  Richardson asserts he is a high risk for severe

illness from COVID-19 because he has chronic kidney disease, is asthmatic and has

chronic bronchitis.  In addition, Richardson asserts that reduction is warranted because he has served more than the 96 months sentence handed down by the Court because his State attorney induced Richardson to plead guilty to the State charges and that part of the federal sentence was consecutive.  Richardson claims his sentence is disparate to the sentence of his Co-Defendant William Beal, who served a six-year sentence and is now home.  Richardson further claims that he faces constant death threats which causes him to spend a majority of his time in solitary, or, protective custody.

## II.   ANALYSIS

### A.   The First Step Act

In resolving motions for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), district courts now face two questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) whether the applicable § 3553(a) factors warrant such a reduction. *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020);  *United States v. Ruffin*, 978 F.3d 1000, 1006-07 (6th Cir. 2020).  A third consideration, the § 1B1.13 policy statement, is no longer a requirement courts must address in ruling on defendant-filed motions. U.S.S.G. § 1B1.13; *United States v. Elias*, 984 F.3d 516, 518–20 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108); *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).   A defendant must first exhaust all administrative remedies, or,

alternatively, wait 30 days after the warden's first receipt of the request.  18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). Richardson claims he exhausted his administrative remedies and submitted such proof.

## B.    First Step – Extraordinary and Compelling Circumstances

### 1.    Reasons Raised

As to whether there is extraordinary and compelling circumstances to merit a sentence reduction in this case, Richardson claims that he has already exceeded his 96 month sentence, because he served time in the State for the same conduct.  Richardson further claims that based on his underlying health conditions, age, and the imminent- and now-realized threat of a deadly disease, which was unforeseen when he entered prison, is dangerous to him because of his underlying conditions.   In addition, Richardson claims that he spends the majority of his time in custody trying to avoid being beaten or killed.  Richardson continues to achieve despite all of this, obtaining a number of certificates of achievement on finances and digital literacy.  He has also obtained a commercial driver's license.

### 2.    Medical Condition

The Government agrees that Richardson's medical and underlying medical conditions qualify as extraordinary and compelling reasons.   (ECF No. 225, PageID.1942) The Government notes that Richardson's medical records establish that

he has asthma, which is a risk factor, but the medical records do not establish that he has kidney disease, since that was deemed resolved in 2012.  The Government also notes that Richardson's seizure disorder has been in remission since 2012, and there is no indication he suffers from bronchitis.  The Government argues that the BOP has mitigated and continues to mitigate the COVID-19 pandemic, by various strict protocols, distribution of vaccines to staff and inmates, and implemented the Attorney General's directive on assessing home-confinement options for some inmates based on age, vulnerability to COVID-19, the risks that the inmate may contract COVID-19 at home, and the risk to public safety.

As noted by the Government, Richardson has shown that his medical circumstances qualify as extraordinary and compelling reasons, and the Court agrees that Richardson suffers from serious medical underlying conditions.  Richardson has shown that he suffers from asthma, which the parties agree is a risk factor for severe illness from COVID-19.  Although it appears that based on the medical records, his kidney disease and seizure disorders are not at issue at this time, there are possibilities that these may flare up in the future, especially if he contracts COVID-19.

However, the Sixth Circuit has stated that the COVID-19 vaccine is now available to a defendant housed with the BOP and that if the defendant has access to the vaccine, the COVID-19 pandemic does not present an "extraordinary and

compelling reasons" warranting a sentence reduction. *United States v. Lemons,* 15 F.

4th 747, 751 (6th Cir. 2021).  The Sixth Circuit further stated:

> After all, with access to the vaccine, an inmate largely faces the same
> risk from COVID-19 as those who are not incarcerated. To be sure,
> inmates in some respects face social distancing challenges distinct from
> those of the general public (although perhaps not entirely unlike students
> in dorm rooms, individuals in medical and assisted care facilities, and
> even residents of densely occupied apartment complexes). But to the
> extent prisons do offer some unique challenges, the vaccine now
> significantly reduces the risks associated with COVID-19. And at this
> intersection of law and science, we find wisdom in Judge Easterbrook's
> assessment that "for people living in close quarters, vaccines offer relief
> far more effective than a judicial order."

*Id.* (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) (Easterbrook,

J.)).

The Court finds that Richardson suffers from serious underlying medical

conditions.  However, in light of the availability of the COVID-19 vaccine and the

BOP's efforts to manage the pandemic, the Court finds a sentence reduction is not

warranted based on Richardson's underlying medical conditions since he is receiving

sufficient medical care for these conditions while in custody.

### 3.    State Sentence

Richardson mentions in the Motion for Compassionate Release and his *pro se*

Motion to Fix Sentence that he is serving a State and federal sentence on the same

incident. In *United States v. Hunter,* 12 F. 4th 555 (6th Cir. 2021), the Sixth Circuit

held that a defendant cannot meet the extraordinary and compelling reasons standard to reduce a sentence because "facts that existed when the defendant was sentenced cannot later be construed as 'extraordinary and compelling' justifications for a sentence reduction.'" *Id.* at 562. The fact that he entered a plea of guilty on the State charges was known to the parties and the Court prior to and at the time of Richardson's sentencing. Richardson's reference to serving a State sentence on the same facts as the federal charge cannot be considered extraordinary and compelling for a sentence reduction.

### 4.   Isolation/Protective Custody

Richardson asserts he spends most of his time in isolation or protective custody because of deadly threats against him. Based on this statement, it appears that the BOP is managing the threats at this time by placing Richardson away from the general population. This does not establish an extraordinary and compelling reason for a sentence reduction.

### C.   Second Step – 18 U.S.C. § 3553(a)(1) Factors

The second step requires that the sentencing court consider the sentencing factors set forth in 18 U.S.C. § 3553(a)(1):

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed–
>    (A) to reflect the seriousness of the offense, to promote

respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

(I) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; ...

\* \* \*

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C.A. § 3553 (West).

The Sixth Circuit has repeatedly recognized that district courts may deny relief under § 3553(a) factors even if extraordinary and compelling reasons would otherwise justify relief. *Ruffin,* 978 F.3d at 1008. The entire record is considered, including the district court's balancing of the factors at the original sentencing. *Id.*

At sentencing, the Court reviewed these factors thoroughly prior to imposing

the sentence and continues to adopt those findings in this Order.  The Court found and continues to find that the sentence imposed reflected the seriousness of the offense, promoted respect for the law, and provided just punishment for the offense.  The parties and the Court were aware that Richardson had pled to the State charges stemming from the same incident as the federal charge.    As noted by *Hunter*, "the facts that existed at sentencing–such as the 'nature and circumstances of the offense,' [and] the defendant's background," may only be considered as part of a district court's § 3553(a) analysis.  *Hunter,* 12 F. 4th at 569.

The Court's sentence reflected the State charge, and other criminal history, which were analyzed as part of Richardson's history and characteristics.  The Court's sentence included a mandatory minimum sentence, but also departed from the advisory guideline range based on various reasons.

Richardson argues the Court should consider sentencing disparity in that co-Defendant Beal was sentenced to six years and now is home, as opposed to Richardson's sentence of 96 months, *in addition* to the State sentence (Car Jacking, M.C.L. 750.529A (6 years, 9 months to 25 years) and Felony Firearms, M.C.L. 750.227BA (2 years)) he completed prior to serving the remainder of the federal sentence.  At the time of Richardson's sentencing, co-Defendant Beal had yet to be sentenced.  The Court was aware of the possible sentences to be imposed on Beal.

9

Beal's sentence reflects an individualized assessment, as was Richardson's sentence. As noted above, the parties and the Court were aware of Richardson's State sentence at the time of sentencing. The Court finds that the sentencing disparity issue, if any, was adequately addressed at both Richardson's and Beal's sentencing hearings.

As this Court noted at sentencing, there is a need to protect the public from further crimes, the need to punish a defendant and the sentence must reflect the seriousness of the crime. The amount of time served may also be considered in determining whether a sentence modification is appropriate. *Ruffin,* 978 F.3d at 1009. The 96-month sentence reflected the goals of sentencing under § 3553(a), which as noted above, departed from the guideline range of 37 to 46 months, *plus* the consecutive mandatory minimum of 84 months. Richardson has a few years remaining to be served on his federal sentence, with a release date of May 2025. The Court's imposition of the total 96-month sentence, which departed from the guideline range, took into account the goals of sentencing under § 3553(a), including the need to protect the public, punishment and seriousness of the crime.

Richardson submits documents which show that he has earned various certificates of achievement while incarcerated, which meets one of the goals of sentencing, that a defendant receive educational or vocational training. It serves Richardson well to obtain as much educational and vocational training opportunities

10

so that he is able to positively participate in the community after his release. Richardson will be around 37 years old upon release and has many years ahead of him to provide for his family and contribute to the community at large.

Richardson asserts that his conduct while in custody shows he is no longer a threat to public safety, and that his incarceration has been incident free.  In response to Richardson's assertion of an incident free incarceration, the Government submitted a chronological list of all the disciplinary actions against Richardson while in custody, including failures to obey orders, threatening staff, and possession of marijuana.  The Sixth Circuit has noted that rehabilitation alone shall not be considered an extraordinary and compelling reason.  *Id.*; 28 U.S.C. § 994(t).  Considering Richardson's rehabilitation efforts, which is important to his future, and based on this Court's consideration of the other factors under § 3553(a), the Court finds a reduction of the already-below guidelines sentence is not warranted.

## III.   CONCLUSION/ORDER

For the reasons set forth above,

IT IS ORDERED that Defendant's Sealed Motion for Compassionate Release from Custody pursuant to 18 U.S.C. § 3582 (ECF No. 219, 2/7/21) is DENIED.

IT IS FURTHER ORDERED that the Motion to Fix Sentence (ECF No. 197, 1/27/20) is DENIED.

IT IS FURTHER ORDERED that the Emergency Motions for Emergency Ruling (ECF Nos. 239, 240) are now MOOT.

IT IS ORDERED.

s/Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

DATED: June 8, 2022