## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

CHRISTOPHER LOUIS RICHARDSON,

       Defendant.

_____/

Crim. Case No. 10-20198-D2
**Civil Case No. 22-12791**

Honorable Denise Page Hood

## ORDER DENYING MOTION TO VACATE SENTENCE UNDER 22 U.S.C. § 2255 (CIVIL CASE NO. 22-12791 AND CRIMINAL CASE NO. 10-20198-D2, ECF No. 262) AND MOOTING MOTION TO APPOINT COUNSEL (CRIMINAL CASE NO. 10-20198-D2, ECF No. 270)

This matter is before the Court on a Motion to Vacate Sentence under 28 U.S.C. § 2255 filed by Defendant/Petitioner Christopher Louis Richardson. The Government opposes the motion. For the reasons set forth below, the Court denies the Motion to Vacate Sentence. The Motion to Appoint Counsel is rendered moot.

## I.      BACKGROUND

On September 13, 2011, Richardson entered a plea of guilty to Counts Seven (18 U.S.C. § 2119(1), 2, Carjacking, Aiding and Abetting, Nine (18 U.S.C. § 924(c), Use of a Firearm During and in Relation to a Crime of Violence), and Twelve (18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm) of the Fourth

Superseding Indictment.   ECF Nos. 112, 115.   On December 21, 2012, Richardson was sentenced to 12 months in the custody of the Bureau of Prisons on Counts Seven and Twelve, concurrent to each other and to any state sentence, and 84 months in custody on Count Nine, to be served consecutively to Counts Seven and Twelve, followed by three years on supervised release as to each of the three counts to run concurrently to each other.   ECF No. 150.   No appeal was taken from the Judgment.

Richardson filed the instant Motion to Vacate Sentence on November 15, 2022, almost ten years after his sentenced was imposed.   ECF No. 262.   The Government opposes the motion arguing that the motion was untimely filed.

## II.    ANALYSIS

Section 2255 states that a federal prisoner can move a district court to vacate, set aside or correct a sentence.   28 U.S.C. § 2255(a).   The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year limitations period which typically runs from the date on which the judgment of conviction becomes final.   *Dunlap v. United States*, 250 F.3d 1001, 1004-05 (6th Cir. 2001); 28 U.S.C. § 2255(f)(1).   When a federal criminal defendant takes a direct appeal to the court of appeals, his judgment of conviction becomes final for section 2255 purposes upon the expiration of the 90-day period in which the

2

defendant could have petitioned for certiorari to the Supreme Court. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). Richardson did not file a direct appeal of his conviction, nor petitioned for certiorari to the Supreme Court.

Section 2255 provides another way to compute the one-year limitation, including "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 18 U.S.C. § 2255(f)(3). In *United States v. Davis*, 588 U.S. 445, 470 (2019), the Supreme Court found that the term "crime of violence" in 18 U.S.C. § 924(c)(3)(B), the "residual clause" of the Armed Career Criminal Act is unconstitutionally vague. This means that Richardson should have filed his §2255 motion one year from the date the Supreme Court decision was issued on June 24, 2019 if he sought to have his Judgment reviewed pursuant to *Davis*. Richardson did not file his Motion to Vacate until November 15, 2022, more than three years since the *Davis* opinion was issued. Richardson's Motion to Vacate is untimely filed and must be dismissed.

In any event, the "elements clause" of § 924(c)(3) which defines a "crime of violence" as a felony that "has as an element the use, attempted use, or threatened

use of physical force against the person or property of another." And the federal carjacking statute, 18 U.S.C. § 2119, provides that a person is guilty of carjacking when, "with the intent to cause death or serious bodily harm," a person "takes a motor vehicle ... from the person or presence of another by force and violence or by intimidation."

The Sixth Circuit has held that "bank robbery by intimidation necessarily involves the use, attempted use, or threatened use of violent physical force. Because the federal bank robbery and carjacking statutes use identical language, our precedent requires us to conclude—as have the Fourth, Fifth, and Eleventh Circuits—that the commission of carjacking by 'intimidation' necessarily involves the threatened use of violent physical force and, therefore, that carjacking constitutes a crime of violence under § 924(c)'s elements clause." *United States v. Jackson*, 918 F.3d 467, 486 (6th Cir. 2019); *United States v. Gardner*, 819 F. App'x 335, 341 (6th Cir. 2020). *Davis,* which addressed the "residual clause" in § 924(c)(3)(B), is not implicated in Richardson's conviction under the "elements clause" in § 924(c) since carjacking remains a crime of violence under this statute. Richardson is not entitled to relief based on *Davis*.

4

### III. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2225 Proceedings, which was amended as of December 1, 2009, requires that a district court must issue or deny a certificate of appealability when it enters a final order. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir.1997).

For the reasons set forth above, the Court finds that a certificate of appealability will not be issued since Richardson's motion was filed beyond the one-year limitations period under 28 U.S.C. § 2255 and lacks merit.

### IV. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Case No. 22-12791 and Case No. 10-20198-D2, ECF No. 262] is DENIED.

IT IS FURTHER ORDERED that the Motion to Appoint Counsel [Case No. 10-20198-D2, ECF No. 270] is DENIED as MOOT.

IT IS FURTHER ORDERED that the Petition to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Case No. 22-12791] is DISMISSED with prejudice and this action is deemed CLOSED on the docket.

IT IS FURTHER ORDERED that a certificate of appealability not issue in this case.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED:   July 23, 2024

6